**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OLHA NOHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:25-cv-01791 (UNA) |
| | ) |
| SIMPLE MOBILE | ) |
| CORPORATE OFFICE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff, who has submitted at least 17 mostly cryptic complaints in this Court in less than four months, has filed a *pro se* Complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, in the instant matter. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues Simple Mobile—a company located in Florida, Hans Vestberg—the CEO of Verizon, as well as Verizon's corporate office in Basking Ridge, New Jersey, and Verizon c/o the Corporation Trust in Wilmington, Delaware. *See* Compl. at 1–2, 6. The Complaint is rambling and quite difficult to follow. Insofar as it can be understood, Plaintiff possessed a pre-paid mobile phone through Simple Mobile, but Simple Mobile was ultimately purchased by Verizon. *See id*. at 3–4. Subsequently, Plaintiff began experiencing problems with the use of her cell phone, including calls from strangers and threats from Verizon to co-opt her phone number and provide it to a different customer. *See id*. From there, the Complaint becomes yet more digressive; for example, Plaintiff alleges that Defendants "control" her, *see id.* at 3, 5, by playing "God," *see id*. at 5, and that they intentionally leaked her personal information, enabling

"psychos to follow" her due to the "complete access to [her] movements," *see id*. at 4. She demands $50 million in damages. *See id*. at 7.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls squarely within this category. It also fails comply with Federal Rule 8(d)(1), requiring that each allegation be "simple, concise, and direct." When, as here, allegations are presented in a "disorganized and convoluted" manner, dismissal is often appropriate for that reason alone. *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).

For all these reasons, this matter is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 5, 6, 9, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: August 5, 2025

_____/s/_____
JIA M. COBB
United States District Judge